UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

MARILYN HOLMES,                                                                                     Plaintiff,

v.                                                                              Civil Action No. 3:16-cv-00087-DJH

ELMER EVAN *et al.*,                                                                                  Defendants.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Plaintiff Marilyn Holmes filed this instant *pro se* action. In so doing, she also filed an application to proceed without prepayment of fees (DN 3) which is **GRANTED**. However, the Court will dismiss the action for lack of subject-matter jurisdiction under Rule 12(b)(1) and for failure to meet the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.

Plaintiff filed her complaint against four Defendants – "Elmer Evan, Jill P. Anderson, Willie (Steve Anderson), and AThomas P. Evans." On the complaint form, she states that the basis for jurisdiction is a federal question because "not report health condition prior to sex physical scare and assult on bodies from his family; and friend; and others." Under the "amount in controversy," she states "a wedding gift from father damage . . . of self image and a death disease." Plaintiff's "Statement of Claim" reads as follows:

> 1.) The refused of be told medical condition. About health when hiv+ is present in his reports.
> 2.) A life condition pass from poisoning which he cause infection, blood level to drop. Often infusion.
> 3.) Tumor or warts, and smell on odd days.
> 4.) Smell inside my clothes, panties, etc…
> 5.) Poisoning of smoking, also drinks, lasking cigarettes he has provide.
> 6.) Hair, face perment damage to skin, teeth.

In the "Relief" section of the complaint, Plaintiff states as follows:

> ½ of anything of a marriage bring in.  45 million property in state, as well out of state of KY 3 million.  The lost of family 75,000.  Thousand or more.  My health, hair, skin, teeth.  Billion, + a,p. (Period).

"[A] district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).  The instant complaint meets this standard.

In addition, Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

In the instant case, Plaintiff's complaint fails to meet the requirements of Rule 8.  It fails to provide material facts in support of any viable legal theory, especially one under federal law.  The complaint does not contain sufficient factual matter that, if accepted as true, states "a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. at 570).  For this reason, it also fails to place Defendants on notice as to any claim(s) against them.  *See, e.g.*, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002)

(indicating that the short and plain statement of a claim must "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests'") (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated on other grounds by Bell Atlantic Corp. v. Twombly*, 550 U.S. 544)).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979). Nor is the Court required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To do so would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

For these reasons, the Court will dismiss this action by separate Order.

Date: February 26, 2016

**David J. Hale, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
4415.011

3